USCA1 Opinion

 

 January 12, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1038 UNITED STATES, Appellee, v. ELLERTON P. WHITNEY, III, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ William A. Hahn, by Appointment of the Court, with whom Hahn & ________________ _______ Matkov was on brief for appellant. ______ Jeffrey S. Cahill, Special Assistant United States Attorney, with _________________ whom Jeffrey R. Howard, United States Attorney, was on brief for __________________ appellee. ____________________ ____________________ Per Curiam. A jury convicted the appellant, __________ Ellerton Whitney, of four separate counts of defrauding a bank, 18 U.S.C. 1344, and eight further separate counts of making false statements on bank loan applications, 18 U.S.C. 1014. The court sentenced Whitney to serve three years imprisonment. Whitney appeals both his conviction and his sentence. Whitney's basic claim, in respect to his conviction, is that the government should not have charged him with so many different counts, arising out of what were, in essence, no more than three instances of related activities -- activities consisting of (1) a series of false statements that he made on applications for three separate bank loans from different banks, and (2) the misuse of the proceeds of one of these loans in violation of the applicable loan agreement. See Blockburger v. United ___ ___________ ______ States, 284 U.S. 299, 304 (1932) (double jeopardy violation ______ unless each offense charged requires proof of fact the other does not require). We cannot consider Whitney's multiplicity claims, however, for he did not raise them before trial. Unless a defendant raises these kinds of objection to the indictment prior to trial (while time remains for the government to rewrite the indictment to cure any such error), he waives the objection. United States v. Faulhaber, 929 F.2d 16, 19 _____________ _________ (1st Cir. 1991), citing United States v. Rodriguez, 858 F.2d ______ _____________ _________ 809, 816-17 (1st Cir. 1988). There are no special circumstances here that would warrant departing from this "waiver" rule. To the contrary, holding Whitney to his waiver does not prejudice him significantly. Whitney says that, in respect to each of his three efforts to obtain money from a bank, the indictment should have charged him, at most, with either a single 1014 count or a single 1344 count. Had the indictment done so, however, his eventual sentence would not have changed. The Sentencing Guidelines, in essence, treat counts that cover closely related conduct as if they were a single count. See U.S.S.G. 3D1.2 (closely related counts ___ grouped together if part of single transaction). And, the maximum terms contained in the statutes here at issue would have permitted a three-year sentence were Whitney correct in his claims of count multiplicity. See 18 U.S.C. 1344 ___ (thirty-year maximum); 18 U.S.C. 1014 (same). Whitney also claims that the court committed several errors at trial. He believes that the prosecutor made improper comments in his opening and closing -3- 3 statements; that a prosecution witness improperly gave an opinion about a legal conclusion (about what constitutes "fraud"); that the court improperly failed to give an instruction about "specific intent" on the "false statement" counts; that the court, not the jury, should have decided whether the false statements were "material;" and that the evidence showed different fraudulent loans than those charged in the indictment. We cannot consider any of these claims, however, for Whitney did not raise proper objections at the time. He concedes that we can review these claimed "errors" only to see if they are "plain" enough to have required the judge to take corrective action despite the failure of any party to call the problem to his attention at the time. That is to say, we must ask whether or not they amount to errors which constitute "manifest injustice." See United States v. Santiago, 729 F.2d 38, 39 (1st Cir. ___ _____________ ________ 1984); United States v. Griffin, 818 F.2d 97, 100 (1st ______________ _______ Cir.), cert. denied, 484 U.S. 844 (1987) (plain errors are _____ ______ "so shocking that they seriously affect the fundamental fairness and basic integrity of the proceedings conducted"). After reviewing the record with this standard in mind, we can find no such injustice. -4- 4 Finally, Whitney argues that his sentence is unlawful. He makes several claims, one of which the Government concedes. The district court applied the "fraud loss" guideline in effect in 1991, the time of the sentencing hearing. Because of an amendment which became effective November 1, 1989, the 1991 version of this Guideline, U.S.S.G. 2F1.1(b), is more severe than the same Guideline as it existed in March 1989, when Whitney committed the crime. Hence, the court should have applied the earlier, more lenient, Guideline. See United States v. ___ _____________ Harotunian, 920 F.2d 1040, 1041 (1st Cir. 1990). We must __________ therefore vacate Whitney's sentence and remand for re- sentencing. Given the need for the new sentencing hearing, we shall not consider Whitney's other sentence-related claims. Rather, the district court shall sentence Whitney afresh, permitting both him and the Government to make all sentence-related claims and arguments de novo. The judgment of conviction is Affirmed. _________ The sentence is vacated and the case remanded for __________________________________________________ a new sentencing proceeding. ____________________________ -5- 5